[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 18, 1984, the marriage of the parties was dissolved by this Court (Covello, J.). The judgment obligated the defendant to pay to the plaintiff the amount of $300.00 per month as support for the two minor children.
The parties also agreed and the Court ordered that each party was to pay one-half of the children's clothing expense.
The parties further agreed and the Court ordered that if either of them believed it was in the best interest of the children to incur special expenses on their behalf, "they will discuss such before a commitment is made to share the expense equally" (emphasis added). CT Page 11562
The parties' agreement expressly provides that "neither party shall refuse to share the expenses for such activity. . . ." That does not mean, however, that either party can unilaterally obligate the other to contribute to the cost of an activity simply by enrolling the children in a program which is otherwise "reasonable and appropriate."
Discussion between the parties about whether or not to incur the expense is found to be an essential prerequisite to assessing one-half the cost to each party.
The parties' agreement contains additional language which seems to anticipate instances where one party might select a proper activity, fail to obtain the other's approval, and still enroll the child into some program and be solely responsible for payment.
The evidence and testimony permits a finding by this Court that on those occasions when the plaintiff proposed enrolling the two children into some "reasonable and age-appropriate activity, the defendant advised her that he could not agree because he was financially unable to contribute any payments. Using the parties' own agreement, the Court denies the request of the plaintiff for contribution from the defendant in the amount of $4,525.00 for these activities.
In regard to the plaintiff's request for an order that the defendant be held in contempt for non-payment of a clothing obligation entered as part of the judgment in this case, the Court notes that there was no requirement in the parties' agreement that discussions precede any commitment to share the clothing expense. The annual cost of clothing was to be shared equally.
The Court further notes the testimony of the defendant wherein he conceded that $400.00 per year, per child is a reasonable amount. Accordingly, the Court orders the defendant to pay to the plaintiff the sum of $2,800.00, which represents his share of clothing costs for his two children for the seven years it has remained unpaid by him. The Court orders the defendant to pay that obligation at the rate of $35.00 per week until paid. CT Page 11563
Finally, the plaintiff has moved this Court to reconsider its order of support against the defendant.
The current order for support is $300.00 per month for the benefit of the two minor children. That order was entered in 1984 at a time when support guidelines were not in effect.
Based upon the financial affidavits most recently filed with the Court, it would appear that the defendant's current net weekly income is $527.00 and the plaintiff's is approximately $488.75, for a combined net weekly income of $1,015.75. Using the support guideline method the plaintiff's tentative obligation would be $205.00 and the defendant's $221.00 per week.
The Court heard considerable testimony from the defendant and his current wife concerning the great many demands being made on their combined incomes. Not the least of which is a support order against Mr. Delaney arising from an adjudication of paternity, and a pending medical bill of approximately $23,000.00 incurred by him for nasal surgery at a time when his medical insurance coverage was not assured.
Having considered the defendant's request for a deviation from the recommended guidelines, the Court notes that the defendant's primary obligations are those arising from his marriage to the plaintiff, Cynthia Delaney and the two children issue of that marriage. The support guidelines do permit deviation based upon needs of other dependents and extra ordinary unreimbursable medical expenses. A further factor warranting deviation from the guideline figure is the aforementioned obligation of the defendant to share equally the clothing expense of the minor children.
For those reasons, the Court orders the defendant to pay to the plaintiff support in the amount of $140.00 per week until the $2800.00 clothing obligation is satisfied, and, thereafter, support in the amount of $175.00 per week.
The Court further orders that the modified support obligation is effective September 1, 1992, and the accrued arrearage therein is to be paid at the rate of $25.00 per week in addition to the $175.00 order.
By the Court
JOSEPH W. DOHERTY, JUDGE CT Page 11564